Bilunas v. Henderson                    CV-99-270-M    04/21/00
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


John P. Bilunas,
        Plaintiff

        v.                                  Civil No. 99-270-M
                                            Opinion No. 2000 DNH 096
William J. Henderson,
Postmaster General,
        Defendant


                        **O R D E R**


        Plaintiff, John Bilunas, is an employee at the United States

Post Office in Lebanon, New Hampshire.  He brings this Title VII

action seeking damages for alleged gender discrimination.

Defendant moves to dismiss, saying that Bilunas has failed to

state a viable claim upon which relief might be granted.  See

Fed. R. Civ. P. 12(b)(6).



                    **Standard of Review**

        A motion to dismiss under Rule 12(b)(6) is one of limited

inquiry, focusing not on "whether a plaintiff will ultimately

prevail but whether the claimant is entitled to offer evidence to

support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." Chasan v. Village District of Eastman, 572 F.Supp. 578, 579 (D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984) (citations omitted).

Notwithstanding the liberal allowances of notice pleading and the deferential reading mandated by Rule 12(b)(6), a district court must ensure that "each general allegation be supported by a specific factual basis." Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990). As this court (Barbadoro, J.) has observed:

> [A] district court need not accept subjective
> characterizations, bald assertions, or unsubstantiated
> conclusions. Moreover, while "the line between 'facts'
> and 'conclusions' is often blurred," the line must be
> drawn. For it is only when such conclusions are
> logically compelled, or at least supported, by the
> stated facts, that is, when the suggested inference

2

rises to what experience indicates is an acceptable level of probability, that "conclusions" become "facts" for pleading purposes.

Care is required in determining the sufficiency of a complaint to insure that "heightened pleading" requirements are invoked only if such requirements are specifically authorized by the Federal Rules of Civil Procedure. However, even under the general pleading requirements of Fed. R. Civ. P. 8(a), a complaint will not withstand a motion to dismiss if the plaintiff has merely recited the elements of the complaint's causes of action in conclusory terms. Notice pleading requires factual allegations which, if true, establish all of the required elements of plaintiff's causes of action.

Millard v. Wolfeboro, No. 94-38-B, slip op. (D.N.H. August 18, 1994) (citations omitted).

While, as explained below, plaintiff's complaint is plainly deficient and could properly be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), considerations of equity and fairness counsel in favor of allowing him an opportunity to amend his complaint.

3

**Facts**

Bilunas's complaint provides very little factual background to his Title VII claim. It merely alleges that he was informed by his superior, Harvey Tabasky, that he could no longer wear earrings or his hair in a pony tail while at work. He also claims that Tabasky said, "You were hired as a man and we expect you to come to work as a man." Complaint, para. 6. Bilunas points out, however, that other male employees were permitted to wear earrings and/or their hair in a pony tail. He then simply concludes that:

> The Defendant's insistence that the Plaintiff remove his jewelry and that he not wear his hair in a pony tail when other similarly situated employees are not subjected to the same restrictions violates the Plaintiff's rights under Title VII of the Civil Rights Act of 1964 which specifically prohibits discrimination on the basis of sex.

Complaint at para. 15. See also Complaint at para. 25 ("The Plaintiff's [federally protected] rights were violated when Defendant's conduct in requiring Plaintiff to remove his jewelry

4

and to take out his pony tail, created a workplace permeated with discriminatory intimidation, ridicule and insult . . ..").

## Discussion

Defendant asserts that Bilunas's allegations fail to state a viable cause of action under Title VII.  The court is inclined to agree.

As described in the complaint, the "discrimination" against Bilunas appears to be based on something other than his gender (unless, of course, one subscribes to the notion that there are more than two genders and Bilunas falls into a category that is neither the traditional "male" nor "female" category).  As Bilunas himself concedes, other men in the workplace were permitted to wear pony tails and earrings.  Thus, defendant's decision to single-out Bilunas and prohibit him from doing so would, based upon the allegations set forth in the complaint, appear to have been based upon something other than the fact that he is a man who wished to wear a pony tail and earrings.  The

5

precise basis for that decision is, however, a mystery.  More importantly, how or why it might have violated Title VII is left unsaid by plaintiff.

Only in his responsive papers does Bilunas begin to hint at perhaps pertinent facts underlying defendant's alleged discrimination and possible legal theories under which he might seek damages for that discrimination.  There, Bilunas reveals that he views himself as being both male and female.  See Plaintiff's Statement of Material Facts in Dispute (attached to document no. 4) at 5 and attached affidavit.  He also points out that he has, throughout his working life, "worn what has traditionally been viewed as female cosmetics, has worn his hair long (occasionally, in a pony tail) and has worn jewelry."  Id. The factual scenario painted by Bilunas suggests that defendant might well have refused to permit him to wear a pony tail and earrings not because of his male gender, but perhaps because he was a male employee bent on adopting a feminine appearance and

6

persona (presumably unlike the other male employees who wore earrings and/or pony tails).

In light of the more detailed factual background provided in Bilunas's legal memoranda, the legal theories under which he might be attempting to proceed are marginally more clear. First, he might be claiming that defendant violated Title VII by having engaged in unlawful "sexual stereotyping" (e.g., discriminating against him because he did not project, or dress in a manner consistent with, the stereotypical male image). <u>See generally Price Waterhouse v. Hopkins</u>, 490 U.S. 228 (1989). <u>See also Higgins v. New Balance Athletic Shoe, Inc.</u>, 194 F.3d 252, 261 n.4 (1st Cir. 1999) ("[J]ust as a woman can ground an action on a claim that men discriminated against her because she did not meet stereotyped expectations of femininity, a man can ground a claim on evidence that other men discriminated against him because he did not meet stereotyped expectations of masculinity.") (citation omitted). Alternatively, Bilunas might be proceeding on a so-called "sex plus" theory of discrimination (e.g., he was singled

out for unique treatment based upon his gender <u>plus</u> some other quality). <u>See generally</u> <u>Phillips v. Martin Marietta Corp.</u>, 400 U.S. 542 (1971). Or, it is possible that he is asserting that defendant discriminated against him because of his status, that is one who views himself as being "intersexed," or having qualities or characteristics of both genders.

Based upon Bilunas's complaint, however, the factual and legal bases for his Title VII claim are entirely unclear. That there is substantial confusion concerning the legal theory (or theories) plaintiff is advancing, as well as the relevant factual foundation for his claim, is evidenced by the substantial volume of filings submitted to date by him and the defendant focused on that very issue: what does Bilunas claim defendant did and, if credited as true, does such conduct violate Title VII?

While the court probably could dismiss plaintiff's complaint for failure to state a claim, it will, in the interest of justice and fairness, afford him an opportunity to amend. If he elects

8

to file an amended complaint, Bilunas shall describe the precise legal theory under which he is proceeding and shall plead adequate facts to support that theory. Should plaintiff fail to file an amended complaint within thirty (30) days of the date of this order, the court will dismiss his complaint, without prejudice, for failure to state a viable claim.

## Conclusion

Defendant's motion to dismiss (document no. 3) is denied without prejudice. Plaintiff shall file an amended complaint within thirty (30) days, failing which this action will be dismissed without prejudice for failure to state a cognizable claim under Title VII.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 21, 2000

cc:  Karen J. Borgstrom, Esq.
     Gretchen L. Witt, Esq.